UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02347-CAS-ASx | | Date | July 26, 2021 |
| Title | MAURICIO PINZON v. GUILERMINA VAZQUEZ ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
| --- | --- | --- |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) - REQUESTS FOR ENTRY OF DEFAULT JUDGMENT (Dkts. 42–48, filed on June 29, 2020)

On March 22, 2018, plaintiff Mauricio Pinzon filed this action against defendants Guillermina Vazquez, Guillermo Noches Lievano, Eric Cario, Aladino Valencia, Raul Mendoza, Elizabeth Maita, Roberto Centeno, and Irma Ruiz (collectively, "defendants"). Dkt. 1. Plaintiff alleges that he is the exclusive licensor of, among other rights, the trademark rights for the registered mark "La Sonora Dinamita," which is a band's name. Id. ¶ 7. Plaintiff further alleges that defendants have unlawfully used and misappropriated the "La Sonora Dinamita" mark. Id. ¶¶ 20–54. Based on these allegations, plaintiff asserts claims for: (1) trademark infringement, pursuant to 15 U.S.C. § 1114; (2) trademark counterfeiting, pursuant to 15 U.S.C. § 1114; (3) false designation of origin and unfair competition, pursuant to 15 U.S.C. § 1125; (4) trademark dilution, pursuant to 15 U.S.C. § 1125; (5) trade name infringement and dilution, pursuant to Cal. Bus. & Prof. Code §§ 14330, et seq.; (6) interference with prospective business advantage; (7) accounting; and (8) preliminary and permanent injunctive relief. Id. ¶¶ 97–149. Plaintiff's complaint requests injunctive relief as well as actual damages of no less than $100,000, punitive damages, and attorney's fees, among other things. Id. at 48–50.

On August 10 and 11, 2018, Vazquez, Mendoza, Centeno, Ruiz, and Cario were served with the summons and complaint in this case. Dkts. 17, 20–22, 33. On August 17, 2018, Lievano was served, dkt. 18, and on August 27, 2018, Valencia and Maita were served together, dkt. 19. Plaintiff's process servicer personally served each defendant.

Thereafter, no defendant responded to the complaint. On April 17, 2019, plaintiff was ordered to show cause why the action should not be dismissed as to all defendants for lack of prosecution. Dkt. 23. On May 15, 2019, plaintiff requested that the Clerk of Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02347-CAS-ASx | Date | July 26, 2021 |
|----------|------------------------|------|---------------|
| Title | MAURICIO PINZON v. GUILERMINA VAZQUEZ ET AL. | | |

enter a default against Vazquez, Lievano, Valencia, Cario, and Mendoza, dkts. 24–28, which the Clerk did on May 21, 2019, dkt. 31.

Approximately four months later, on September 26, 2019, plaintiff was again ordered to show cause why the action should not be dismissed for lack of prosecution as to Maita, Ruiz, and Centeno, against whom plaintiff had not requested an entry of default. Dkt. 34. On October 31, 2019, plaintiff requested that the Clerk enter a default against Centeno, dkt. 35, which the Clerk did on November 5, 2019, dkt. 36, and on December 6, 2019, plaintiff requested that the Clerk enter a default against Ruiz, dkt. 39, which the Clerk did the same day, dkt. 40.

On December 30, 2019, the Court again ordered plaintiff to show cause why the action should not be dismissed for lack of prosecution as to Maita, against whom plaintiff still had not requested an entry of default. Dkt. 41.

On June 29, 2020, plaintiff filed the instant motions for default judgment, pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, against Vazquez, Lievano, Valencia, Mendoza, Maita, Centeno, and Ruiz. Dkts. 42–48. Despite the Clerk's entering a default against Cario, plaintiff has not moved for default judgment against him. Plaintiff has moved for default judgment against Maita but has failed to obtain entry of default judgment against her.

Plaintiff's motions are deficient as to the other defendants for at least two reasons. First, the relief sought exceeds that requested in the complaint. "Rule 54(c) of the Federal Rules of Civil Procedure provides that '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.'" Paramount Pictures Corporation v. International Media Films, Inc., No. CV-11-09112-SJO-AJWx, 2015 WL 12745843 (C.D. Cal. Feb. 18, 2015) (quoting Fed. R. Civ. P. 54(c)). In the complaint, plaintiff sought at least $100,000 in actual damages, treble the actual damages for the use of trademark, punitive damages in an amount provided by defendants, pre-judgment interest, cost of suit, and reasonable attorney's fees. Dkt. 1, Prayer for Relief. By contrast, in the instant motions plaintiff seeks monetary damages of $1,050,000 plus costs, attorney's fees, and interest. Dkt. 49 ¶ 12. Accordingly, plaintiff now seeks an amount in excess of the amount demanded in the pleading.

Additionally, Local Rule 55-2 requires that, before a court can enter a default judgment against a defendant for damages—as plaintiff requests here—a plaintiff must serve the defendant with a copy of the application for default judgment. Halicki v. Monfort,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02347-CAS-ASx | Date | July 26, 2021 |
|---|---|---|---|
| Title | MAURICIO PINZON v. GUILERMINA VAZQUEZ ET AL. | | |

No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) ("[W]here an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action." (citing C.D. Cal. L.R. 55-2)). Here, plaintiff has not served defendants with the motions for default judgment, as noted above.

Accordingly, the Court **DENIES without prejudice** plaintiff's motions for entry of default judgment. The Court directs plaintiff to file renewed motions with this Court and to serve defendants with copies of those motions at defendants' last known addresses **by August 12, 2021**. Failure to do so will result in dismissal for failure to prosecute.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |